IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: EQUIMED, INC., Debtor | : | |
| THE ESTATE OF EQUIMED, INC. Petitioner | : | CIVIL ACTION |
| v. | : | NO. 05-1815 |
| ERNST & YOUNG, LLP Respondent and Cross-Movant | : | |

**SURRICK, J.** **OCTOBER 28, 2005**

**MEMORANDUM & ORDER**

Presently before the Court is Arbitrator James W. Durham's Motion To Quash Subpoena And To Stay Deposition (Doc. No. 19). For the following reasons, Mr. Durham's Motion to Quash Subpoena will be denied and his Motion to Stay Deposition will be denied as moot.

## I. BACKGROUND

This dispute arises out of the contractual relationship between EquiMed, Inc. ("EquiMed") and its auditor, Ernst & Young, LLP ("E&Y"). (Pet. to Vacate Arb. Award, Doc. No. 1 ¶ 5.) In July 1998, E&Y resigned prior to completing EquiMed's audit report for the 1997 fiscal year. (*Id.*) The audit agreement between EquiMed and E&Y contained "Dispute Resolution Procedures," which mandated that all disputes arising from the parties' relationship be settled through mediation and, if mediation failed, arbitration. (Doc. No. 1 ¶ 5.)

The audit agreement called for the arbitration to be "conducted in accordance with . . . the Arbitration Rules for Professional Accounting and Related Services Disputes" promulgated by the American Arbitration Association ("AAA"). (Doc. No. 1 at Ex. A.) On September 7, 1999,

EquiMed commenced arbitration by filing a Demand for Arbitration with the AAA. (Doc. No. 3 at 2-3.) In accordance with AAA Rules, each party selected one arbitrator from the AAA roster. (*Id.* at 3.) The third arbitrator was selected by the two party-selected arbitrators. (*Id.*) E&Y's choice, James W. Durham, met with no objection from EquiMed at the time of selection. (*Id.*) EquiMed had been provided with Mr. Durham's biographical information, which noted his service as Senior Vice President/General Counsel of PECO Energy Company ("PECO"). (Answer to Pet. to Vacate, Doc. No. 5 at Ex. A; Doc. No. 19, at 2.)

The arbitration hearings began on April 22, 2003. (Doc. No. 3 at 2.) At these hearings, E&Y was represented by the law firm of Drinker, Biddle & Reath, LLP ("Drinker"). (Doc. No. 1 ¶ 8.) E&Y's expert witnesses included James Clancy, C.P.A., a partner at the accounting firm of PriceWaterhouse Coopers. (*Id.*) On February 3, 2005, the panel found unanimously in favor of E&Y. (*Id.*; Doc. No. 1 at Ex. C, p. 14.)

On April 19, 2005, EquiMed filed a Petition to Vacate Arbitration Award, alleging that Mr. Durham failed to disclose prior relationships "between [him] and any party or their representatives," as required by AAA Rule 19 and Canon II of the AAA Code of Ethics. (Doc. No. 1 ¶¶ 10, 11.) EquiMed claimed that it "learned, through the examination of public records, that Mr. Durham, in his position with PECO, had numerous and extensive business relationships with Drinker . . . with PriceWaterhouse Coopers . . . and, indeed, with E&Y itself." (*Id.* ¶ 13.) Based on alleged violations of the AAA Rules and the AAA Code of Ethics, EquiMed called for the arbitration award to be vacated pursuant to section 10 of the Federal Arbitration Act, 9 U.S.C. § 10. (*Id.* ¶¶ 18, 19.)

EquiMed filed a Motion for Scheduling Order on June 20, 2005, requesting a time for discovery. (Doc. No. 8.) By Order dated August 9, 2005, we granted EquiMed permission to depose Mr. Durham. (Doc. No. 15.) EquiMed issued a subpoena for Mr. Durham on August 31, 2005, directing that he appear for deposition. (Doc. No. 19 at Ex. A.) Mr. Durham filed the instant Motion on September 16, 2005, the date on which the deposition was to be held. (*Id.*) He argues that the subpoena should be quashed because:

a. Mr. Durham is protected by arbitral immunity;
b. EquiMed has made no showing of conduct on Mr. Durham's part that would warrant discovery; and
c. EquiMed has waived any question regarding Mr. Durham's ability to sit as an arbitrator in this matter by failing to address such issues prior to the arbitration.

(Doc. No. 19 at 1.) Mr. Durham also requests that the deposition be stayed pending adjudication of this motion. (*Id.*)

## II. DISCUSSION

In performing "quasi-judicial duties," an arbitrator is "clothed with an immunity, analogous to judicial immunity, against actions brought by either of the parties out of his performance of his duties." *Cahn v. Int'l Ladies' Garment Union*, 311 F.2d 113, 115 (3d Cir. 1962) (internal quotation omitted). Arbitral immunity includes a "testimonial privilege" which, "subject to exception, has been recognized to protect arbitrators from being subjected to lengthy, costly, and intrusive discovery into decisional matters by way of subpoena and deposition." *United Food & Commercial Workers Int'l Union v. SIPCO, Inc.*, Civ. No. 90-250-B, 1990 U.S. Dist. LEXIS 20210, at *4 (S.D. Iowa Oct. 16, 1990). Under one well-recognized exception,

however, "arbitrators may be deposed regarding claims of bias or prejudice." *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 67 (2d Cir. 2003).

Mr. Durham argues that "EquiMed has not made any showing of fraud, misconduct, or bias that would warrant [his] deposition." (Doc. No. 19 at 6.) He cites *Andros Compania Maritima v. Marc Rich & Co.*, 579 F.2d 691 (2d Cir. 1978), for the principle that a "disgruntled party's mere assertion that past relationships existed between parties and members of the panel . . . does not justify the deposition of arbitrators." (Doc. No. 19 at 5.) In *Andros*, the court found that "questioning of arbitrators should be . . . limited to situations where clear evidence of impropriety has been presented." *Andros*, 579 F.2d at 702. Mr. Durham contends that EquiMed has failed to present such "clear evidence" in its Petition to Vacate. (Doc. No. 19 at 7.)

EquiMed's Petition presents evidence of business relationships between PECO and E&Y, E&Y's counsel, and E&Y's expert witness. (Doc. No. 1 at 4-6.) E&Y's Memorandum in Opposition to the Petitioner reveals additional relationships between PECO and both E&Y and Drinker. (Doc. No. 3 at 9 n.6, 10 n.10.) We conclude that the relationships between PECO, E&Y, and Drinker as revealed in the submissions filed thus far are sufficient to warrant further discovery in this matter given the applicable legal standard.[1] (Doc. No. 15.) Whether Mr.

---

[1] In assessing EquiMed's claim, we will apply the "appearance of bias standard[,] which holds that evident partiality is established when arbitrators fail to disclose any relationships that might create an impression of possible bias." *Crow Constr. Co. v. Brown Assoc.*, 264 F. Supp. 2d 217, 221 (E.D. Pa. 2003). An arbitration award may be vacated where such "evident partiality" exists. *Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 147 (quoting 9 U.S.C. § 10). However, an award should not be vacated where "both parties are informed of the [business] relationship in advance, or if they are unaware of the facts but the relationship is trivial." *Id.* at 150 (White, J., concurring).

Durham's relationship with E&Y was "trivial," as he alleges, can be better assessed following his deposition. (Doc. No. 9 at 6.)

Mr. Durham also argues that EquiMed has waived any objection regarding his alleged bias, since "[i]t is apparent that each of EquiMed's allegations is based on a matter of public record." (Doc. No. 19 at 7-8.) This argument is not completely devoid of merit. *See Andros*, 589 F.2d at 702 (deposition request denied where nondisclosure objection was based on public information; petitioner "could have made such a review just as easily before or during the arbitration rather than after it lost its case"). However, E&Y has presented evidence that both Drinker and E&Y did additional business with PECO during Mr. Durham's tenure. (Doc. No. 3 at 9 n.6, 10 n.10.) Apparently this evidence is not a matter of public record. Any evidence which is not a matter of public record should also be considered in determining whether a deposition is necessary or appropriate. Under the circumstances, we are compelled to conclude at this juncture that EquiMed has not waived its objection based upon alleged bias.

We agree with Mr. Durham, however, that he may not be deposed "regarding the thought processes underlying [his] decision." *Hoeft*, 343 F.3d at 67. Mr. Durham may only be questioned as to his past or present relationships, if any, with the parties to this case and their representatives and witnesses. In order to ensure that the deposition is conducted within these guidelines, it will be conducted in Courtroom 8A, in the United States Courthouse, 6th and Market Streets, Philadelphia, under the supervision of this Court.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: EQUIMED, INC., Debtor | : | |
| THE ESTATE OF EQUIMED, INC. Petitioner | : | CIVIL ACTION |
| v. | : | NO. 05-1815 |
| ERNST & YOUNG, LLP Respondent and Cross-Movant | : | |

**ORDER**

AND NOW, this 28th day of October, 2005, upon consideration of the Motion Of James W. Durham To Quash Subpoena And To Stay Deposition (Doc. No. 19), and all documents filed in support thereof and in opposition thereto, it is ORDERED that the Motion To Quash Subpoena is DENIED and the Motion To Stay Deposition is DENIED AS MOOT. It is further ORDERED that Equimed, Inc. may depose James W. Durham on a date mutually convenient for the Court, the parties and Mr. Durham. This deposition will be limited to the subject of Mr. Durham's relationships, if any, with the parties and their representatives and witness.

IT IS SO ORDERED.

BY THE COURT:

S:/R. Barclay Surrick, Judge